DON J. GRUNDMANN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grundmann v. Commissioner
Docket No. 25879-92
United States Tax Court
T.C. Memo 1994-507; 1994 Tax Ct. Memo LEXIS 515; 68 T.C.M. (CCH) 921; October 12, 1994, Filed *515 Decision will be entered under Rule 155. Don J. Grundmann, pro se. For respondent: Charlotte A. Mitchell. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 5,212, and an accuracy-related penalty under section 6662(a) in the amount of $ 1,042.40. After concessions by the parties, the issues for decision are whether petitioner is entitled to Schedule C deductions for auto expenses and educational materials in excess of those allowed by respondent. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits and supplemental stipulation of facts are incorporated herein by this reference. At the *516 time his petition was filed, petitioner resided in San Leandro, California. Petitioner is a chiropractor who practiced in Castro Valley, California, in 1989. On his 1989 Federal income tax return, petitioner reported gross income from his practice in the amount of $ 10,486, and business expenses totaling $ 32,844, for a net loss of $ 22,358. After concessions, the remaining business expenses at issue are $ 678 of petitioner's claimed $ 2,830 deduction for auto expenses, and $ 2,955 of petitioner's claimed $ 3,451 expense for educational materials. Auto Expenses
Respondent disallowed a portion of petitioner's claimed auto expenses for lack of substantiation. In determining the amount allowable, respondent used the percentage of business usage claimed by petitioner, 76.4 percent, but determined that petitioner had only provided substantiation to support a deduction in the total amount of $ 2,152. After reviewing copies of petitioner's receipts for auto expenses, we find no basis for allowing any amount in excess of that allowed by respondent. In fact, the legible receipts in evidence total less than the amount allowed by respondent before application of the business use *517 percentage. Respondent's determination on this issue is sustained. Education Expense
Respondent allowed petitioner a deduction in the amount of $ 496 as education expense for the purchase of educational materials. In support of his position that the remaining $ 2,955 claimed on his tax return for educational materials is deductible, petitioner produced copies of checks payable to various entities, including the following payees: Pro-Life Action League, Human Life International, Black Americans for Life, Pro-Life Action Ministries, Living World Magazine, Human Life International, New Dimensions Magazine, Chronicles, Heritage House, Ben Franklin Booksellers Shop, Unique Chiropractic Innovations, Foundation of Human Understanding, European-American Evangelical Crusade, Encyclopedia Britannica, Health for Life, Harrison Chiropractic Equipment, Whitney Resources, H.I.V.E Foundation, Monogram Bank, Colonial National Bank, and How-To-Book Club. Additionally, petitioner produced copies of cash receipts from convenience stores, grocery stores, and bookstores for unidentified magazines, books, and videotapes. Included among the copies of receipts are a handwritten receipt from a *518 vendor identified as "Free Forum Books" for unspecified books, two handwritten receipts for unspecified books, and tapes from an unidentified vendor. One of the latter receipts bears the notation "Books sent to T. Brock, J. Brock, D. Burke, K. Atkinson as you requested." Lastly, petitioner produced two handwritten receipts for items identified as follows: No True Energy The Health Hazards of Not Going Nuclear Is Public Ed. Necessary A Pro Life Manifesto Who Broke the Baby Abortion & the Christian Abortion Yes or No The Least of These Bumper Sticker Mary & Satan The New American Day They Padlocked More Deadly Than War America's March Toward Communism Blue Book The Child Abuse Industry Why Are They Lying to Our Children This is the *BS [2]
Why Johnny Still On some receipts, petitioner noted a lesser amount than the total cost, together with the initials "EM" (presumably representing the amount included in the total deducted *519 on his return as "educational materials"), but the specific items included in the noted amounts are not discernible from the receipts. Petitioner contends that the materials obtained, for which respondent disallowed his claimed business deduction, were used in his practice to further his own understanding of scientific issues and/or to educate his patients, particularly parents of small children. With respect to his own educational needs (as opposed to education of his patients), petitioner cited a subscription to The New Federalist, a newspaper which he characterized as the source of a number of scientific and public health articles he found helpful in his practice. Petitioner explains his claimed deduction of payments made toward the cost of an encyclopedia and various items he described as "pro-life" materials, which he purchased from organizations such as the Pro-Life Action League, as reference tools used primarily for educating his patients with respect to child development. When questioned concerning cash receipts for unidentified magazines, petitioner stated that although he could not remember specifically the items purchased, he thought the receipts might be for martial *520 arts magazines which he found helpful in developing exercise programs for his patients. [3] Some of the materials were kept in petitioner's office, while others were located at his home. Based on the foregoing, petitioner contends that the items purchased were ordinary and necessary expenses paid in connection with his chiropractic trade or business. Respondent contends that the disallowed expenditures were not ordinary and necessary, and, therefore, are not deductible. Petitioner bears the burden of proving that respondent's determination is erroneous. Rule 142(a); . Deductions are a matter of legislative grace, and petitioner bears the burden of establishing that he is entitled to any deductions claimed on his *521 return and that respondent's determination is erroneous. Rule 142(a); ; ; . Section 162(a) provides in pertinent part that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". The term "ordinary" has consistently been given the connotation of normal, usual, or customary in the particular field of business involved. There is no precise definition of the term; rather, it is a variable affected by time, place, and circumstance. The term "necessary" has been interpreted to mean appropriate and helpful in the development of the taxpayer's business. ; A remote or incidental business connection is not sufficient. , affd. per curiam . *522 Personal, living, or family expenses are not deductible. Sec. 262. Whether the expenditures at issue meet the requirements of section 162(a) is a question of fact. It is unclear from the record which of the claimed expenditures were allowed by respondent. With respect to the large number of items unidentified in the receipts or substantiated only by copies of checks, petitioner's testimony as to the actual items purchased and their use in his practice was vague, general, and replete with self-serving conclusions. On this record, petitioner has failed to establish that any of the materials he purchased were of the type that could be considered ordinary for his trade or business. Further, petitioner failed to establish that the expenditures were necessary for purposes of section 162(a). In sum, after reviewing the evidence, we are unable to find that petitioner has met his burden of proof as to the amounts disallowed by respondent because we cannot conclude that the expenditures in excess of those allowed by respondent were ordinary and necessary to petitioner's trade or business. Respondent's determination on this issue is sustained. To reflect concessions of the parties, *523 Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The first letter of the last word is illegible on the copy of the receipt.↩
3. In addition to the Schedule C for his chiropractic practice, petitioner filed a Schedule C with his 1989 Form 1040 for a business identified as "Training Martial Arts", upon which he deducted $ 1,081 for continuing education expense.↩